IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UPH HOLDINGS, INC.; PAC-WEST
TELECOMM, INC.; TEX-LINK
COMMUNICATIONS, INC.; UNIPOINT
HOLDINGS, INC.; UNIPOINT ENHANCED
SERVICES, INC; UNIPOINT SERVICES, INC.;
NWIRE, LLC; AND PEERING PARTNERS
COMMUNICATIONS, LLC,
                Plaintiffs,

-vs-

LEAP WIRELESS INTERNATIONAL, INC.,
d/b/a Leap Wireless INTL, Inc. d/b/a Cricket
Comm., Inc.,
                Defendant.

Case No. A-13-CA-847-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, Defendant Leap Wireless International, Inc. d/b/a Cricket Communications, Inc.'s Motion to Withdraw Reference filed in the Bankruptcy Court [#1-1], Leap Wireless's Motion for Leave to Exceed Page Limitation [#3], Plaintiffs' Supplemental Brief [#10], and Leap Wireless's Supplemental Brief [#11]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

In this turnover action, Pac-West seeks to recover roughly $10 million from Leap Wireless as "intercarrier compensation." To grossly oversimplify the core dispute, Pac-West argues it is entitled to receive payments for the services it provided to Leap Wireless in originating or

terminating wireless calls on Leap Wireless's behalf using Pac-West's telecom infrastructure. The parties vigorously dispute whether any money is owed, how much money is owed, and how to calculate the amount of money owed. Pac-West has filed for Chapter 11 Bankruptcy, and this turnover action is one of many pending or potential cases[1] in which Pac-West seeks to recover funds for the bankruptcy estate.

On September 7, 2013, Leap Wireless filed its Motion to Withdraw Reference. The motion was transferred to this Court pursuant to the Local Rules. The parties presented arguments at a hearing held in this Court on October 18, 2013, and filed additional post-hearing briefs at the request of the Court.

## Analysis

I.   **Motion to Withdraw Reference—Legal Standards**

Withdrawal of a bankruptcy reference is governed by the following statutory provision:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). This provision has been interpreted to provide for both "mandatory" withdrawal and withdrawal "for cause," with different standards applying to each theory.

Mandatory withdrawal is controlled by the second sentence of § 157(d), and turns on whether resolution of a proceeding "requires consideration" of federal law other than the Bankruptcy Code. *Id.* The Fifth Circuit has not interpreted the term "consideration" in this context. Courts are generally

---

[1] The parties represent there may currently be as many as ten similar actions filed by Pac-West in the Western District of Texas Bankruptcy Court, with more than one hundred more cases waiting to be filed.

split among two camps, with some favoring a broad, literal reading of the term and others preferring a narrower interpretation. *Compare In re Kiefer*, 276 B.R. 196, 199–200 (E.D. Mich. 2002) (embracing broad construction of "consideration" encompassing any consideration of non-bankruptcy federal law), *with Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 347–48 (S.D. Tex. 2009) (adopting the "majority" view requiring "material and substantial consideration of non-Bankruptcy Code federal law" for withdrawal to be mandatory (internal quotation marks omitted)).

The parties generally agree the narrower view is the more appropriate, and it is the standard the Court will apply in this case. "Consideration" thus means "something more than the mere process of examining, thinking about, or taking into account." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953–54 (7th Cir. 1996) (internal quotation marks omitted). Mandatory withdrawal is only required when resolution of a proceeding requires interpretation of non-bankruptcy federal law, meaning something "more than mere application of existing law to new facts." *Id.*; *see also City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (withdrawal is mandatory when case requires "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes"); *In re Johns-Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y. 1986) ("It is issues requiring significant *interpretation* of federal laws that Congress would have intended to have decided by a district judge rather than a bankruptcy judge.").

Section 157(d) also contemplates permissive withdrawal in its first sentence authorizing withdrawal "for cause shown." 28 U.S.C. § 157(d). Withdrawal "for cause" involves a weighing of various factors, including: (1) whether the proceedings are core or non-core; (2) whether a jury demand has been made; (3) whether withdrawal will foster uniformity in bankruptcy administration;

(4) whether withdrawal will reduce forum shopping and confusion; (5) whether withdrawal will promote economical use of resources; and (6) whether withdrawal will expedite the bankruptcy process. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *Rodriguez*, 421 B.R. at 349.

## II.  Mandatory Withdrawal

Leap Wireless argues resolution of this case will require significant interpretation of federal telecommunications law, including Federal Communications Commission orders and regulations governing intercarrier compensation and tariffs. Pac-West claims this is merely a collections case in which the Bankruptcy Court will be tasked with no more than application of federal telecommunications law to a given set of facts.

The Court finds Pac-West has the better argument. As the parties have explained the case, the primary dispute centers around the existence of a "regulatory black hole," a span of time during which the rules concerning how to set an intercarrier compensation rate were left undetermined. Because the FCC has now adopted new rules for intercarrier compensation, both the FCC and the state utility commissions are apparently unwilling to expend time and effort in analyzing cases involving this regulatory gap on the theory it would amount to "retroactive rulemaking" with no future benefit to the telecommunications industry. Courts are thus left to determine whether certain tariff rates may be applied to the traffic at issue in these cases, or whether some other equitable remedy—such as quantum meruit—is more appropriate. *See, e.g., Manhattan Telecomms. Corp. v. Global NAPS, Inc.*, No. 08 Civ. 3829(JSR), 2010 WL 1326095, at *2–4 (S.D.N.Y. Mar. 31, 2010) (holding inapplicability of tariff rates does not preclude recovery in equity under unjust enrichment theory).

Leap Wireless argues this case cannot be resolved without significant interpretation of telecommunications law. While telecommunications law certainly features prominently, the parties' dispute is ultimately about the *application* of those laws, rules, and orders, rather than *interpretation* of them. Pac-West contends its tariffs are valid, and those rates apply to the traffic it seeks compensation for, while Leap Wireless maintains the tariffs are either invalid, inapplicable, or both. If Leap Wireless is right on either account, the result may be an equitable remedy based on benefits received by Leap Wireless. It is also possible the fact finder may determine Pac-West's actual costs for providing these services are effectively zero, in which case Pac-West's recovery may also be zero. In any event, this case seems to call for no "more than mere application of existing law to new facts." *In re Vicars*, 96 F.3d at 953–54. The Court therefore concludes withdrawal of the reference is not mandatory under § 157(d).

### III.  Permissive Withdrawal

In the alternative, Leap Wireless asks this Court to use its discretion to withdraw the reference. Pac-West contends the various permissive withdrawal factors do not counsel in favor of a withdrawal in this case. On balance, the Court agrees with Pac-West.

First, the Court finds this proceeding is a "core proceeding" under § 157(b)(2)(E) because Pac-West seeks a turnover order, and the right to a turnover order is a right arising under Title 11. 28 U.S.C. § 157(b)(2)(E); 11 U.S.C. § 542(b); *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Pac-West seeks to collect on a debt previously incurred through its invoicing and billing of Leap Wireless, and Leap Wireless's denial of or disagreement with those charges does not move Pac-West's claim "outside the scope of Section 542." *In re Cambridge Capital, LLC*, 331 B.R. 47, 57 (E.D.N.Y. 2005). Additionally, Pac-West represented at the hearing its bankruptcy was filed "in

large part" due to the failure by these defendants to pay Pac-West for the services it rendered. Hrg. Tr. [#12], at 6. The recovery of those amounts is thus highly material to the bankruptcy itself, and the Bankruptcy Court may appropriately dispose of those claims. *See Stern v. Marshall*, 131 S. Ct. 2594, 2605 (2011) ("Under our reading of the statute, core proceedings are those that arise in a bankruptcy case or under Title 11."). Pac-West's intercarrier compensation claims are a major asset in the bankruptcy, if not the primary asset, and thus are justifiably before the Bankruptcy Court. At a minimum, even if the claims are non-core, they are "related to" the bankruptcy, and the Bankruptcy Court may therefore hear the claims, even if it cannot enter final judgment. 28 U.S.C. § 157(c); *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1420 (5th Cir. 1995).

Second, considerations of uniformity, efficiency, and judicial economy all favor allowing the Bankruptcy Court to retain jurisdiction over this case, along with the other related cases brought by Pac-West.[2] The Bankruptcy Court is already familiar with many of the underlying facts, and its unique expertise in analyzing the Title 11 issues raised by this case will undoubtedly benefit the parties. Although Leap Wireless contends it has a right to a jury trial and will not consent to a jury trial before the Bankruptcy Court, if a jury trial is ultimately necessary, the trial may occur in this Court after the Bankruptcy Court has narrowed the issues and prepared the case for trial. Finally, because Pac-West seems committed to bringing all of its contemplated turnover actions in this district, there is no concern withdrawal is necessary to prevent forum shopping. The Court therefore declines to exercise its discretion to withdraw the reference under the permissive withdrawal standard of § 157(d).

---

[2] There are several cases currently pending, with many more contemplated. At the hearing, Pac-West's counsel represented she had "140 of these [cases] to file." Hrg. Tr. [#12], at 8.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Leap Wireless International, Inc. d/b/a Cricket Communications, Inc.'s Motion for Leave to Exceed Page Limitation [#3] is GRANTED;

IT IS FURTHER ORDERED that Defendant Leap Wireless International, Inc. d/b/a Cricket Communications, Inc.'s Motion to Withdraw Reference filed in the Bankruptcy Court [#1-1] is DENIED.

SIGNED this the 10th day of December 2013.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE